STERLING *vs.* HANSON *et al.*

Where, on appeal, the *complaint* is so radically defective as not to authorize the judgment of the court below, a new trial *may* be granted, with leave to the plaintiff to amend his complaint, on such terms as the court below may deem just.

A plaintiff must recover, if at all, according to the averments in his complaint, and a court is not warranted in rendering a judgment in favor of the plaintiff, when there is no averment in the complaint upon which the judgment can be based.

It *seems*, that the joinder of two persons as co-defendants, who have no joint interest in the subject matter of the suit, and are under no joint liability, will, unless the mistake be corrected in the court below, be error.

One part owner of a vessel has no lien on the shares of the other part owners for his advances and disbursements.

APPEAL from the superior court of the city of San Francisco. The facts are stated in the opinion of the court.

Sterling *v.* Hanson.

——————————, for the plaintiff.

——————————, for the defendants.

*By the Court*, BENNETT, J. The amended complaint alleges that the plaintiff was the owner of one-half of the bark *Ardennes*, and that one Hanson was the owner of the other half, and that they agreed to put the ship up for a voyage to Callao, and did send her on such voyage—that the plaintiff accompanied the bark as supercargo, and, during the trip to Callao and back, paid out large sums of money for supplies, seamen's wages, &c.—and that the ship, on her return, was indebted to him in the sum of four thousand four hundred dollars. The complaint further avers, that the voyage was made on partnership account; but there is no allegation that the bark was bought for the partnership business, or was put into partnership account. It is also stated, that after the vessel had sailed from San Francisco, Hanson sold all his interest in the bark and the partnership adventure to Ludlow, and that the latter undertook to pay his equal share of all the expenses of the voyage. The complaint prays for judgment against Hanson for one-half of the expenses of the voyage, and for a like judgment against Ludlow, together with a decree that his share of the bark should be sold; and after trial, the court rendered judgment in all respects according to the prayer of the complaint.

To the original complaint a demurrer was put in by the defendants. Hanson answers the amended complaint, but no answer by Ludlow appears on the record. No point, however, has been made on this ground, and perhaps we ought to presume that an answer was put in by Ludlow, although none appears on the return.

The facts set forth in the complaint are, perhaps, for the most part, sustained by the evidence. At all events, the court below thought so, and we shall not review their decision in this respect. But the facts set forth in the complaint itself, do not warrant the judgment. According to these, the plaintiff and Hanson owned the bark as tenants in common, at the time she

was put up for the voyage to Callao. Each was then entitled to receive from the other one-half of the profits which should be made on such voyage, and each was liable to the other for one-half of the losses; but neither had any lien on the share of the other in the vessel for advances or disbursements. (*Abbott on Shipping*, 111, 112, *and in notes*.) Hanson as *part owner* would be liable for one-half of the expenses up to the time of the sale of his interest—as *partner*, he would be liable for one-half of the expenses of the whole voyage, by virtue of the partnership agreement, whether he had sold his share in the vessel or not. Ludlow as *part owner* would be liable for one-half of the expenses of the vessel from the time he became part owner—and if it be true, as alleged in the amended complaint, that he undertook, when he bought Hanson's share, to pay one-half of the expenses of the *whole* voyage, then the plaintiff would be entitled to recover from him that amount.

The court, in giving its decision, finds that the bark was partnership property; but the difficulty is, that the plaintiff must recover *secundum allegata*, if at all, and there is no averment in the complaint, either direct or argumentative, that such was the fact. The court, therefore, was not authorized to find that the vessel was partnership property.

There being no partnership, and no lien on the bark for a balance of partnership accounts, that portion of the judgment which orders a sale of Ludlow's interest in the vessel is erroneous.

It appears to me that a great deal of the confusion and difficulty about this case is owing to the joinder of two persons as defendants, who have no joint interest in the subject matter, and are under no joint liability to the plaintiff. I shall not express an opinion whether this would be error, as no point was made as to this on the argument; but it leads to the result, that the plaintiff has recovered a judgment equal to all the expenses of the voyage, instead of one-half, to which latter alone can he be entitled under any circumstances. I think the cause should be remanded for a new trial, with leave to the parties to amend their pleadings, if they are so advised, in such manner and on

such terms as the superior court may deem proper. The costs of this appeal will abide the event.

Ordered accordingly.